JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

PETER B. AXELROD (CSBN 190843)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6774
    Facsimile: (415) 436-7234
    Peter.Axelrod@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 02-0017 JSW |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | Date: April 1, 2010 |
| LARON MONTEZ PRESTLEY, | Time: 2:30 p.m. |
| Defendant. | Court: Hon. Jeffrey S. White |

## I. INTRODUCTION

The United States asks the Court to revoke defendant Laron Prestley's term of supervised release based on the violation he admitted on March 18, 2010, and sentence him to fourteen months in custody with no additional term of supervised release to follow.

On December 17, 2009, the defendant made his initial appearance before the Court based on a November 4, 2009, supervised release petition, which alleged numerous violations including failures to perform drug testing, report as directed, and advise of address changes. At that hearing, the Court and the parties focused on the defendant's use of marijuana, and the Court lifted a temporary suspension of the defendant's drug testing condition and admonished the

SENTENCING MEMO
CR 02-0017 JSW

1  defendant *not* to use marijuana and to comply with drug testing.  The Court put the matter over to
2  March 18, 2010, to afford the defendant an opportunity to address some of his problems on
3  supervision with a new probation officer.
4      When the parties returned on March 18, 2010, the circumstances were decidedly worse –
5  in lieu of complying with the Court's order, the defendant had utterly disregarded it, which
6  resulted in an amended petition detailing several positive drug tests and several missed testing
7  appointments.  While the defendant did admit to the charge related to his positive tests at that
8  hearing, unfortunately he also lost his composure and became extremely combative with the
9  Court and court security, which resulted in his removal from the court room.  *See* Amended
10 Petition, CR 82, Charge 15 (detailing five positive drug tests).
11     As set forth in the amended petition and the probation officer's March 19, 2010,
12 sentencing report and recommendation, the defendant has proven – through a pattern of conduct
13 over at least the last year – that he is not amenable to supervision: he has been hostile to a
14 number of probation officers, unwilling to abide by the terms of his supervision, and indifferent
15 to the Court's orders.  While his lawyer has identified a number of misfortunes that the defendant
16 has encountered over the course of his supervision including a back injury and multiple heart
17 attacks, none of them excuse him from court-ordered obligations or justify his mistreatment of
18 any probation officers.
19      As set forth more fully below, the United States believes that the requested sentence is
20 justified under 18 U.S.C. §§ 3553 and 3583 and the Sentencing Guidelines, including the policy
21 statements contained in Chapter 7.

## II.  GUIDELINES CALCULATIONS

23 The United States agrees with the probation officer's report that the defendant's violation
24 is Grade C, his criminal history category is VI and the guideline range is 8-14 months.  U.S.S.G.
25 §§ 7B1.1(a)(3) and 7B1.4(a).  The United States further agrees that because defendant's
26 underlying convictions were for Class D felonies, the statutory maximum penalty for his
27 supervised release violation is two years in custody under 18 U.S.C. § 3583(e)(3).
28 \\

SENTENCING MEMO
CR 02-0017 JSW                                    2

### III. JUSTIFICATION FOR RECOMMENDED SENTENCE

The United States asks the Court to sentence the defendant to a fourteen month sentence, the high-end under the Guidelines, for the following reasons.

First, the defendant's violation – repeated, positive drug tests – is particularly serious given the circumstances. When the parties appeared in December to address the defendant's supervision, there was a frank and candid discussion concerning his desire to use medicinal marijuana, and a clear direction from the Court not to. While the Court was willing to allow the defendant to explore the possibility of obtaining approval for medicinal marijuana use from the probation officer under certain conditions, the Court explicitly directed the defendant not to use marijuana. Despite that order, and with his freedom in the balance, the defendant chose to disregard the Court's order and continue his marijuana use, which resulted in a number of positive tests. According to the petition, he also failed to appear at a number scheduled tests. The defendant's indifference to the Court's order and, as set forth more fully below, the attempts of probation officers to work with him merit a significant term of incarceration.

Second, the defendant's inability to control his temper must have consequences. As the Court and the parties witnessed first hand at the last hearing, the defendant cannot manage his anger, even when he has the most at stake. That in-court display supports the pattern of hostility detailed in the sentencing report, including an incident last August in which defendant's threatening response to a probation officer's instruction for a urine test required court security officers to remove him from the Probation Office and through the combative relationship with his current probation officer. Even if the defendant is suffering mood problems associated with medications for his health conditions, an unproven scenario, that does not excuse his behavior. The defendant has an on-going obligation to comply with the Court's orders and work with his probation officers that he has been unable to meet. His inability to control his temper coupled with his unwillingness to work with the probation officers to ensure compliance compel a meaningful term of custody.

Third, the Probation Office has repeatedly tried to work with the defendant and he has demonstrated an indifference at best and a hostility at worst to those efforts. For example, in lieu

of seeking to violate the defendant for a positive drug test (for which the defendant admitted use) and other violations in January, 2009, the probation officer gave him another chance – he met with the defendant, admonished him and asked the Court to recall the warrant, which it did. *See* CR 69 (recall signed by the Honorable Marilyn H. Patel). Then, despite the defendant's pattern of violations throughout 2009, the parties and his new probation officer appeared before the Court in December 17, 2009, and asked the Court to put the matter over three months so the defendant could be given another chance to come into compliance. As the Court is well-aware, he failed completely with that opportunity and then blew up at the most recent appearance.

### IV. CONCLUSION

Based on the foregoing, the United States asks the Court to sentence the defendant to fourteen months in custody without a term of supervised release to follow. In the event the Court imposes a term of supervised release after a custodial term, the United States requests that any such term include anger management counseling.

DATED: March 26, 2010

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/S/
_____
PETER B. AXELROD
Assistant United States Attorney